Cuma, per
Nott, J.
This question appears to me as plain as a self evident proposition. It is admitted that the plaintiff in the execution has the oldest claim; that he had indeed the first .lien on the property. A lien which even the sale under the mortgage could not defeat. It is not pretended that it has been actually paid. The debtor himself acknowledges that the balance now claimed is still due. No fraud is alleged against the •party or the sheriff. But some technical rules are attempted to be set up as a bar to the plaintiff’s acknowledged right. First, it is said that the sheriff is the agent of the plaintiff, and therefore he must be bound by his *55 acts. Secondly, this act having been done in the sheriff’s office, it must be presumed to be done by his authority. The sheriff is for certain purposes the agent of the plaintiff, but he is not an agent of his own appointment. He is the agent of the law and the party is no farther bound by his acts than as they come within the pale of his authority. If he recover money on an execution it will discharge the debtor, because the law has reposed that confidence in him, and not because he is th'e agent of the creditor. But he can make no contract or compromise to the prejudice of the plaintiff. Nothing but actual payment will discharge the debt, because his thonty extends only to making of the money. It is true that whatever is done in his office bearing the marks of official authority will be presumed to have been done ii-i ■ by his orders or approbation. But like every other presumption it may be rebutted by stronger evidence. Mistakes may be explained and errors corrected in a sheriff’sis J 1 , office as well as elsewhere. Now, what is the fact in the present instance The word “ satisfied” is found written on an execution. It is equivocal at best because it does not shew in what manner it has been satisfied. It is not pretended to be in the hand writing of the sheriff, , . i ■ t , nor does it appear to be by his authority. It was fore open to explanation. Suppose the sheriff had actually received the money and entered satisfaction in due . form, and it had afterwards turned out that the money was counterfeit, or had been taken away by an older execution. Would it have been a bar to another execution % Most unquestionably not. There is no doubt therefore of the correctness of the order. Even if we put the parties on the ground of two innocent sufferers, as the counsel has called them, (which I do not think a correct position in this case) still he who has the legal priority will be entitled to hold it. It has been contended farther that if they were entitled to receive the debt they *56 were not entitled to interest. To that part of the case js sufgcjent to say, that the confession of judgment conta*ns an agreement to pay interest(1). The debtor makes no objections and it does not belong to third per-sons to say that they may not contract for themselves. The motion must be refused.
The sheriff '¿e piamtlffin ?n execytion> purposes; but created bythe the further bound ^fan''as^hey c°me within the pale of his authority.
whatever done to the sheriff’s office, bearing of thority, will tohave3 been do“e kf his authority; like all sumptions, may,be rebutted by stronger evidence. b^cowectedy heveas else"
márked^sa" dsfi^d” may to be satisfied, maintain its creditors.^
The lien of a judgment is good for the interest which may accrue on it, as for the principal debt.
Decree affirmed.

 See post, the case of Winslow v. The Assignees of Antrum.